DENNIS, Justice.*
The relator’s probation was revoked. We granted certiorari, 391 So.2d 459 (La.1980), to review his claims that he was (1) deprived of his right to counsel, and (2) found guilty of a probation violation without evidence of any infraction of a special condition of his probation. Finding reversible merit in relator’s second argument, we vacate the probation revocation without considering his argument that he was not advised of his right to appointed counsel.
Glenn Wayne Kelly pleaded guilty to production of marijuana, La.R.S. 40:967(A)(1), and was sentenced to three years at hard labor. His sentence was suspended and he was placed oh supervised probation subject to special conditions. His special conditions of probation were substantially identical to those recommended by the district attorney in a letter filed of record with the guilty plea. The special conditions provide: (1) “that the defendant will be confined for one year to an inpatient mental care facility; (2) at the termination of the one year, the defendant will participate in an out-patient psychiatric treatment for a period of' one year with visits of not less than twice monthly; and (3) during the third year of probation, the defendant will receive credit for any time previously incarcerated on the charge.” The district attorney’s letter explained why he recommended no credit for time spent either as inpatient or outpatient: “Mr. Kelly is being given a chance to obtain help from qualified medical personnel as to his problem, and the sentence in that regard is non-penal.”
The undisputed evidence shows that the day after he was sentenced Kelly met with his probation officer and offered to enter a Veterans Administration hospital in compliance with his special conditions of probation. Although the officer had not been present at relator’s sentencing, she questioned whether this hospitalization would fulfill the condition since she thought the judge intended for Kelly to enter a drug rehabilitation facility. Later the probation officer told him that the VA hospital was not a “suitable facility” and suggested that he go to a drug rehabilitation house in Texas. When Kelly insisted that the judge intended for him to become a patient in a mental care hospital, not a drug rehabilitation place, the probation officer testified that she told him, “we needed to come back before the Judge that apparently the sentence was something was wrong with it because you did not agree with it.”
Without seeking an in-court clarification of the special condition of probation, the probation officer on the thirty-third day following imposition of relator’s sentence petitioned Kelly to show cause why his probation should not be revoked because he had not been admitted “to an in-patient mental care facility as ordered.” After hearing the testimony of the officer and the relator, which reflects nothing more than a disagreement over the meaning of a “mental care facility,” the trial judge found that the evidence established “beyond any question” that Kelly violated the special condition of his probation.
The trial court was clearly in error. To hold Kelly responsible for a violation of his probation under the circumstances would constitute a denial of fairness and due process. He did not display unreasonableness or a non-conformist attitude. He made a good faith attempt to initiate steps toward entering the VA hospital to.satisfy the condition that he be confined for one year in a mental care facility. He was thwarted by the probation officer who informed him that the judge actually meant for him to enter a drug rehabilitation facility and that they must go back before the judge because something was wrong with the sentence. He reasonably believed that a psychiatric ward of a Veterans hospital was fairly connoted by “mental care facility.” Indeed, the judge’s further requirement of “outpatient psychiatric treatment” and the district attorney’s recommendation of “help from *708 qualified medical personnel” supports his interpretation and seems inconsistent with the probation officer’s notion of drug counseling. After being led to believe he would be given a hearing to clarify the sentence, Kelly was not unreasonable in waiting approximately thirty days for this opportunity, rather than confining himself to a Texas drug rehabilitation facility on the basis of the probation officer’s interpretation of the special condition. The fault lies in the judge’s articulation of the special condition or the probation officer’s interpretation of it, and not in the probationer’s conduct.
The revocation of probation is set aside, and this case is remanded to the district court for further proceedings consistent with the views expressed.
PROBATION REVOCATION SET ASIDE; CASE REMANDED.

 Judges Cecil C. Cutrer, Jimmy M. Stoker and Ned E. Doucet, Jr., of the Court of Appeal, Third Circuit, participated in this decision as Associates Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Ca-logero, Dennis, and Watson.